[788 NYS2d 548]

In the Matter of MITCHELL K. FRIEDMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 2004

**APPEARANCES OF COUNSEL**

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Mitchell K. Friedman*, Brooklyn, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Appel-

late Division, Second Department, on June 2, 1982, and maintains an office for the practice of law in Brooklyn. The disciplinary investigation in this matter was transferred to this Department by order of the Presiding Justice of the Second Department dated May 23, 2002. After the completion of the investigation, the Grievance Committee filed a petition charging respondent with acts of misconduct including neglect. Respondent filed an answer denying material allegations of the petition and, by order entered April 15, 2004, a referee was appointed to conduct a hearing. Respondent's motion for a change of venue or for an order transferring the matter to another judicial department was denied by this Court on May 26, 2004. Prior to the hearing, the parties executed a stipulation resolving certain outstanding issues of fact. Respondent was the sole witness at the hearing. After the hearing, the Referee filed a report, which the Grievance Committee moves to confirm. Respondent filed papers in opposition to the motion, and he thereafter appeared before this Court and submitted matters in mitigation.

The Referee found, based largely upon respondent's admissions, that respondent failed for a period of four years to reschedule depositions in a personal injury matter entrusted to him by his employer. In another personal injury matter, respondent failed to appear at scheduled meetings with the client and failed to respond to a demand for a bill of particulars and to discovery requests, resulting in the entry of an order of preclusion, and, eventually, in the matter being marked off the calendar. In a third personal injury matter, respondent's failure to advance the matter resulted in the matter being twice marked off the calendar. Additionally, respondent admitted that he advanced funds to that client. Finally, respondent admitted that, during the disciplinary investigation, he failed to respond to numerous letters from counsel for the Grievance Committee.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-103 (a) (22 NYCRR 1200.22 [a])—acquiring a proprietary interest in the cause of action or subject matter of litigation that he is conducting for a client;

DR 5-103 (b) (22 NYCRR 1200.22 [b])—advancing or guaranteeing financial assistance to a client while representing the client in connection with contemplated or pending litigation;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services.

We have considered the matters submitted by respondent in mitigation, including his alleged health problems. Respondent, however, offered no medical documentation in support of those alleged health problems. He expressed no remorse, and instead offered unsubstantiated excuses for his misconduct. Additionally, we note that respondent previously received a letter of caution for similar misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of one year and until further order of the Court.

GREEN, J.P., PINE, SCUDDER, GORSKI and HAYES, JJ., concur.

Order of suspension entered.